UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Michael A. SPAGNOLI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:09-cv-234 (PCD) |
| | : | |
| Edward J. KUDEJ, JR., | : | |
|     Defendant. | : | |

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON ACCOUNTING COUNTERCLAIM

This is a dispute between the two owners and shareholders, Plaintiff Michael A. Spagnoli ("Spagnoli") and Defendant Edward J. Kudej, Jr. ("Kudej"), of at least five companies: Advanced Back and Neck Center, P.C. ("ABNC"); Innate, LLC; Advanced Chiropractic and Medical Services, LLC ("ACMS"); Advance Back and Neck Center of Massachusetts ("MA ABNC"); and Advanced Back & Neck Center of Holyoke, P.C. ("Holyoke ABNC"). Spagnoli claims that Kudej unlawfully converted Spagnoli's salary and distributions for ABNC, Innate, LLC and ACMS. In his counterclaims, Kudej alleges that Spagnoli controlled MA ABNC and Holyoke ABNC (collectively "Massachusetts entities") to the detriment of Kudej by *inter alia*, closing the Massachusetts entities without informing Kudej, withholding distributions and financial information about the Massachusetts entities from Kudej, and usurping customer lists and other business assets from the Massachusetts entities. Kudej has moved for summary judgment on his accounting counterclaim, which is the subject of the instant ruling. For the reasons stated herein, the motion [Doc. No. 88] is **denied**.

1

## I. STANDARD OF REVIEW

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists and summary judgment is therefore appropriate when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A material fact is one that "might affect the outcome of the suit under the governing law," and an issue is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## II. DISCUSSION

Under Massachusetts law, "[a]n agent or fiduciary is under a duty to keep and render accounts and, when called upon for an accounting, has the burden of proving that he properly disposed of funds which he is shown to have received for his principal or his trust. . . . Substantially the same principles are applicable to corporate directors and officers." Samia v. Cent. Oil. Co. of Worchester, 158 N.E.2d 469, 484 (Mass. 1959). "[B]ecause an action against a controlling shareholder claiming a breach of fiduciary duty is equitable, Merola v. Exergen Corp., 423 Mass. 461, 464, 668 N.E.2d 351 (1996), a claim for an accounting may be maintained." Mastromatteo v. Mastromatteo, No. 061329C, 2006 WL 3759512 (Mass. Super. Nov. 28, 2006). An accounting may also be appropriate when corporate funds are used to pay personal expenses or when corporate funds are commingled with a shareholder's personal funds. Henderson v. Axiam, Inc., No. 962572D, 1999 WL 33587312, at *59-*60 (Mass. Super. June 22,

1999). Here, it is undisputed that Spagnoli is the majority shareholder of the Massachusetts entities, that the Massachusetts entities paid Spagnoli's personal loan obligation, and that funds belonging to the Massachusetts entities were diverted to the Advanced Medical Group, an entity owned by Spagnoli and his cousin Carmino Bonavita. Because these undisputed facts establish that Spagnoli improperly disposed of funds entrusted to him as a shareholder of the Massachusetts entities, Kudej argues that summary judgment should be granted on his accounting claim.

Despite these undisputed facts, the Court believes that questions of fact remain as to the appropriateness of an accounting. Kudej has alleged two other counterclaims—breach of fiduciary duty and violation of the Connecticut Unfair Trade Practices Act ("CUTPA")—against Spagnoli for which he has not moved for summary judgment. Massachusetts courts consider an accounting claim to be a type of remedy, and thus have held that the resolution of an accounting claim is dependent on the resolution of the substantive claims. See, e.g., Ferola v. Allstate Life Ins. Co., No. 050996, 2007 WL 2705534, at *19 (Mass. Super. Aug. 30, 2007) (declining to rule on claim for accounting because "[a] determination of whether plaintiff is entitled to any of these remedies [for accounting, declaratory judgment or constructive trust] depends on the resolution of plaintiff's substantive claims, which the Court, as discussed above, cannot do on this summary judgment record"); Picknik v. Sinkus, No. CA 98-1673, 2000 WL 424339, at *3 (Mass. Super. Feb. 1, 2000) (granting summary judgment to defendant on accounting claims because underlying claims were time-barred). Because this Court has not ruled on the merits of the breach of fiduciary duty and CUTPA claims, it is premature to rule on the merits of the accounting claim.

3

Moreover, questions of fact exist as to the viability of Spagnoli's defenses to the accounting claim. His first defense is that the payments he owes to the Massachusetts entities are readily ascertainable from the corporate records disclosed during discovery, and thus an accounting is not necessary. "[I]n order to maintain a bill in equity for an accounting it must appear from the specific allegations that there was a fiduciary relation between the parties and that the account is so complicated that it cannot conveniently be taken in an action at law . . ." Levesque, Jr. v. Ojala, No. 20034485, 2005 WL 3721859, at *25 (Mass. Super. Dec. 8, 2005) (citing Ball v. Harrison, 312 Mass. 390, 392 (1943)). When the amount due is readily ascertainable, there is a sufficient remedy at law and a claim for accounting will be denied. 1 Am. Jur. 2d Accounts and Accounting § 54 ("An accounting is not available in an action where the amount due is readily ascertainable."); see also Levesque, Jr., 2005 WL 3721859, at *25 (denying summary judgment to plaintiff on accounting claim because, *inter alia*, "the facts which would underlie the necessity of an accounting" were disputed). Because questions of fact remain as to whether Kudej has an adequate remedy at law, an accounting is not appropriate at this time.

Spagnoli has also alleged the defenses of acquiescence and unclean hands. According to Spagnoli, Kudej signed Spagnoli's personal line of credit guaranteed by the Massachusetts entities, and thus Kudej acquiesced in and ratified Spagnoli's use of the Massachusetts entities' funds for his personal expenses. Moreover, Spagnoli alleges that Kudej diverted ABNC's assets to Zeldes Needle & Cooper, P.C., an entity owned by Kudej, and thus the doctrine of unclean hands precludes any equitable remedies, including an accounting claim. See Santagate v. Tower, 833 N.E.2d 171, 180 (Mass. App. 2005) (noting that "one who comes to the court seeking equity must come with clean hands") (internal citation omitted). These viable defenses also raise

4

questions of fact that preclude summary judgment on the accounting claim.

## III. CONCLUSION

For the foregoing reasons, Kudej's motion for summary judgment on his accounting counterclaim [Doc. No. 88] is **denied**.

SO ORDERED.

Dated at New Haven, Connecticut, April  26 , 2011.

                                                /s/
                                    Peter C. Dorsey
                                    United States District Judge
                                    District of Connecticut